FILED
2021 APR 14 AM 11:07
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIONE CECILE RICHARDSON,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOSEPH FISHER, JEFF LAMB, BRIAN STAELY, WESTERN STATES, and ROY TRAWICK,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND RETURNING MATTER TO MAGISTRATE JUDGE**<br><br>Case No. 2:20-cv-00541-JNP<br><br>District Judge Jill N. Parrish |

## INTRODUCTION

Before the Court is Magistrate Judge Pead's Report and Recommendation (ECF No. 10), in which Judge Pead recommends that this action, filed by pro se Plaintiff Dione Cecile Richardson ("Richardson"), be dismissed. Richardson filed a timely Objection (ECF No. 11) to Judge Pead's Report and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

Richardson filed her first Complaint (ECF No. 3) on August 5, 2020. She asserted a variety of claims against her former employers, including racial discrimination and creating a hostile work environment. Pursuant to 28 U.S.C. § 1915, Judge Pead conducted a review of the Complaint and found that it failed to state a claim upon which relief could be granted. *See* ECF No. 7 at 2–4. Accordingly, he ordered Richardson to file an amended complaint. *Id.* at 5. Richardson filed her First Amended Complaint (ECF No. 8) on August 31, 2020. Judge Pead reviewed the First Amended Complaint and likewise concluded that it failed to state a claim for relief. *See* ECF No.

9 at 2–3. He ordered Richardson to file a second amended complaint by October 5, 2020 and warned her that failure to do so would result in a recommendation of dismissal. *Id.* at 3–4.

Richardson failed to comply with Judge Pead's order; she did not file a second amended complaint by October 5, 2020. Accordingly, on October 7, 2020, Judge Pead recommended that this court dismiss Richardson's Amended Complaint for failure to state a claim on which relief may be granted. *See* ECF No. 10 at 1–2. Judge Pead notified Richardson that she could file a written objection to his Report and Recommendations within fourteen days of being served a copy.

Richardson filed a timely objection (ECF No. 11), but she failed to include therein any specific objections to any of Judge Pead's Report and Recommendations. Rather, she stated, "I have proof of all the actions I am Claiming. Text messages, pictures and 1 witness," and she included a list of the claims she asserts. *See* ECF No. 11 at 1–3. Subsequently, on October 19, 2020, Richardson filed a Second Amended Complaint (ECF No. 12), in which she asserts causes of action against various defendants for "Racial Discrimination," "Negligent Infliction of Emotional Distress," and "Negligent Workplace Tort."[1] ECF No. 12 at 4–5.

## DISCUSSION

When a party files an objection to a magistrate judge's report and recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The Tenth Circuit has held that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One*

---

[1] Her third cause of action, "Negligent Workplace Tort," apparently arises from personal items that were stolen while she was at work.

*Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (explaining that "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance.").

In this case, Richardson's Objection is not "sufficiently specific"; it fails to point to or object to any factual or legal errors in Judge Pead's Report and Recommendations. Thus, the court's obligation to conduct a de novo review is not triggered by Richardson's objection. Even if the court were to conduct a de novo review, it would reach the same conclusion that Judge Pead reached. Like Judge Pead, the court concludes that Richardson's Complaint and First Amended Complaint fail to state a plausible claim for relief. Richardson was ordered to file a second amended complaint before October 5, 2020 and was warned that failure to do so would result in dismissal of her case. She failed to comply with this order, and dismissal without prejudice is therefore warranted.

As explained above, however, Richardson filed a Second Amended Complaint shortly after filing her Objection. In light of the Tenth Circuit's instruction "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation omitted), and to construe "liberally" the pleadings of pro se litigants, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the court construes Richardson's untimely-filed Second Amended Complaint as a motion to amend her complaint and grants it. Therefore, the court returns this matter to Judge Pead with instructions to review Richardson's Second Amended Complaint pursuant to 28 U.S.C. § 1915.

## CONCLUSION

The court ADOPTS IN PART Judge Pead's Report and Recommendation. The agrees with Judge Pead that dismissal is warranted. However, given Richardson's motion to amend her complaint, the court declines to dismiss the action at this stage and RETURNS this matter to Judge Pead for further review consistent with this Memorandum Decision.

DATED April 14, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge