IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DIONE CECILE RICHARDSON,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**JOSEPH FISHER, JEFF LAMB, BRIAN STALEY, WESTERN STATES and ROY TRAWICK,**<br><br>　　　　Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:20-cv-00541<br><br>District Court Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

On August 5, 2020, the court granted Plaintiff Dione Cecile Richardson ("Plaintiff" or "Ms. Richardson") leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 (the "IFP Statute") and placed her complaint on the court docket. (ECF No. 2; ECF No. 3.) Shortly thereafter, the Court conducted a § 1915 review and determined that Ms. Richardson's complaint failed to state a claim. (ECF No. 7.) The Court however granted leave to amend and on August 31, 2020, Plaintiff timely filed her Amended Complaint. (ECF No. 8.)

After review, on September 22, 2020, the Court entered a Ruling identifying deficiencies in Plaintiff's Amended Complaint and requiring her to file a Second Amended Complaint no later than October 5, 2020. (ECF No. 9.) Ms. Richardson failed to do so, and the Court entered a Report and Recommendation recommending dismissal of Plaintiff's action. (ECF No. 10.)

On October 15, 2020, Mr. Richardson filed an objection to the Report and Recommendation, and on October 19, 2020 she filed her Second Amended Complaint. (ECF No. 11; ECF No. 12.)

On April 14, 2021, the District Court issued a Memorandum Decision affirming the Court's Report and Recommendation, but construing Plaintiff's "untimely-filed Second Amended Complaint as a motion to amend her complaint." (*Id.* at 3.) The District Court granted the converted motion to amend and returned the matter to this Court for review of Ms. Richardson's Second Amended Complaint under the IFP Statute.

Having now conduct a review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1983, the Court rules as set forth herein.

## **STANDARD OF REVIEW**

The IFP Statute requires dismissal of a case "at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A court may dismiss a complaint due to either legal or factual shortcomings. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Although Ms. Richardson's *pro se* status relaxes the pleading standard, it does not eliminate the basic requirement that her complaint contain facially plausible claims. Further, the Court reviews Plaintiff's Second Amended Complaint alone and does not rely upon or incorporate any portion of Plaintiff's earlier pleadings. *See Gardner v. Long,* 2020 U.S. Dist. LEXIS 235484 at * 5 (D. Utah Oct. 19, 2020) (*citing TV Communications Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1025 (10th Cir. 1992) ("The amended complaint must stand or fall on its own.")).

## DISCUSSION

Plaintiff's Second Amended Complaint alleges 42 U.S.C. § 1983 claims for "Racial Discrimination" (Count I) "Negligent Infliction of Emotional Distress" (Count II) and "Negligent Workplace Tort Employment Tort" (Count III).[1] (ECF No. 12.) Despite, however, the Court's earlier recommendations, Ms. Richardson's second amended pleading fails to address the deficiencies of her Amended Complaint and does not include the specificity necessary to determine whether she asserts plausible claims.

In her Second Amended Complaint Plaintiff provides a brief, yet incoherent, narrative of undated actions and events. The narratives provide information that is neither tethered to a specific defendant nor to the elements of a stated cause of action. As a result, Ms. Richardson fails to "explain what each defendant did to [her]; when the defendant did it; how the defendant's actions harmed [her], and what specific legal right the plaintiff believes the defendant violated." (ECF No. 7); *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). As explained previously by this Court, specific information is necessary in order to provide the opposing parties with fair notice of the claims alleged and to allow the court to determine if the plaintiff is entitled to the relief requested. *See Monument Builders of Greater Kansas City Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989) (*citing Perrington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371) (10th Cir. 1979)); *see also Nasious,* 492 F.3d at 1163 (10th Cir. 2007) (a plain statement under rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the

---

[1] Attached to Plaintiff's Second Amended Complaint is a list containing each defendant's name followed by a list of causes of action. There are, however, no facts or allegations provided in support of the enumerated claims. (ECF No. 12 at 8.)

merits."). For these reasons, Plaintiff fails to state a claim and the court recommends dismissal of Ms. Richardson's Second Amended Complaint.

Here, after filing her initial complaint, the Court allowed Ms. Richardson to file two additional amended complaints. (ECF No. 8; ECF No. 12.) In conjunction with its review of her complaints, the Court provided Plaintiff with specific instructions on how to correct her pleadings.[2] (ECF No. 7; ECF No. 9.) The Court also warned that a failure to properly amend could result in a recommendation of dismissal. (*Id.*) Thus, while it is generally the practice of this Court to liberally allow pro se amendment, where, as here, a "plaintiff is given several attempts to amend and those amendments 'fail to cure the deficiencies in h[er] claims,' dismissal with prejudice is appropriate." *Valles v. Gen-X Echo B, Inc.,* 2013 U.S. Dist. LEXIS 155630 at *25 (D. Colo. Oct. 8, 2013) (*citing Sheldon v. Vermonty,* 269 F.3d 1202, 1207 n. 5 (10th Cir. 2001) (finding that dismissal with prejudice was appropriate because even after amendment plaintiff "made no showing, beyond his conclusory allegations, that he could have stated viable causes of action against [defendants] if he had been granted yet another opportunity to amend his claims.")); *see also Stinson ex rel. United States v. Maynard,* 341 F. App'x 413, 417 (10th Cir. Aug. 12, 2009) (unpublished table decision) (affirming dismissal with prejudice when pro se

---

[2] In both its Ruling dated August 19, 2020 (ECF No. 7 ) and it is Ruling dated September 22, 2020 (ECF No. 9), the Court specifically advised Plaintiff to include the following information in her amended pleading:
  a. A short, plain statement of each cause of action including reference to the specific statute or legal right that was violated sufficient to establish subject matter jurisdiction;
  b. Short, succinct and specific factual allegations in support of each claim, to be set forth in numbered paragraph form;
  c. Identification of what each Defendant did, and when; and
  d. Identification of how each Defendant's conduct harmed the Plaintiff.

The Court further noted that any amended pleading must stand alone and may not incorporate by reference facts or claims from earlier complaints. *Id.*

plaintiff had opportunity to amend and had notice that her amended complaint was deficient) (*relying on Brierly v. Schoenfeld,* 781 F.2d 838 (10th Cir. 1886), *Oksusami v. Psychiatric Inst. Of Wash,* 959 F.2d 1062, 1066, 295, U.S. App. D.C. 58 D.C. Cir. 1992) and *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991) to affirm dismissal of an action with prejudice))).

Under these circumstances, to rule otherwise would allow the filing-dismissal-amendment cycle to continue in perpetuity.

## **RECOMMENDATION**

Accordingly, for the reasons stated the Court recommends dismissal of Plaintiff's action for "failure to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

IT IS SO ORDERED this 27th day of April, 2021.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge